1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RODERICK WASHINGTON,                    No.  1:25-cv-00958-SAB (PC)

12                  Plaintiff,               ORDER DIRECTING CLERK OF COURT TO
                                             RANDOMLY ASSIGN A DISTRICT JUDGE
13          v.                               TO THIS ACTION

14   RONALD BROOMFIELD, et al.,              FINDINGS AND RECOMMENDATION
                                             RECOMMENDING PLAINTIFF PAY THE
15                  Defendants.              FILING FEE FOR THIS ACTION

16

17

18          Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

19          On November 6, 2024, Plaintiff filed the complaint commencing this action. (ECF No. 1.)

20   Plaintiff has not submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. §

21   1915 or paid the $405.00 filing fee for this action.  However, a review of the Court's electronic

22   filing system reflects that Plaintiff has suffered three of more strikes under 28 U.S.C. § 1915(g),

23   and is not allowed to proceed in forma pauperis unless he was under imminent danger of serious

24   physical injury at the time of filing the complaint.

25                                          **I.**

26                                     **DISCUSSION**

27          The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous

28   prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir.

                                              1

1    2011).  Pursuant to the PLRA, the in forma pauperis statue was amended to include section

2    1915(g), a non-merits related screening device which precludes prisoners with three or more

3    "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious

4    physical injury.  28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir.

5    2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action … under this

6    section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

7    facility, brought an action or appeal in a court of the United States that was dismissed on the

8    grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

9    unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

10       A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g)

11   and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the

12   complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial

13   notice[1] of the following United States District Court cases: (1) Washington v. Cambra, Case No.

14   3:95-cv-3356 TEH (N.D. Cal. Oct. 2, 1995) (order of dismissal); Washington v. Cambra, Case

15   No. 3:95-cv-3641 TEH (N.D. Cal. Nov. 7, 1995) (order of dismissal); and Washington v.

16   Cambra, No. 3:95-cv-3763 TEH (N.D. Cal. Nov. 20, 1995) (order of dismissal); see also

17   Washington v. Gomez, 1998 WL 296370 (N.D. Cal. June 1, 1998); Washington v. Gomez, 1996

18   WL 724895 (N.D. Cal. Dec. 4, 1996); Washington v. Gomez, 1996 WL 682026 (N.D. Cal. Nov.

19   15, 1996); Washington v. Gomez, 1996 WL 557609 (N.D. Cal. Sept. 19, 1996); Washington v.

20   Cambra, 1996 WL 479069 (N.D. Cal. Aug. 13, 1996); Washington v. Cambra, 1996 WL 478965

21   (N.D. Cal. Aug. 12, 1996)).[2]

22       The issue now becomes whether Plaintiff has met the imminent danger exception, which

23   requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and

24   which turns on the conditions he faced at the time he filed his complaint on August 4, 2025.

25   Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some

26   ───────────────

27   [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

28   [2] Plaintiff was also declared a three-strike litigant in Washington v. Early, Case No. 1:99-cv-6590 OWW LJO P (E.D. Cal.) (ECF No. 45)

earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  In the instant complaint, Plaintiff alleges that he was subjected to excessive force, sexual abuse, food deprivation, and striped of hygiene materials from August 2000 to May 2005.  In October 2005, Plaintiff was falsely accused of indecent exposure and was required to register as a sex offender for lief.  (ECF No. 1.)   Plaintiff has alleged no facts to establish that he "faced 'imminent danger of serious physical injury' at the time of filing." See Andrews, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").  Rather, Plaintiff allegations of excessive force took place numerous years ago.  Moreover, Plaintiff does not allege there is an ongoing danger such that there is an imminent danger.  Andrews, 493 F.3d at 1056–57 ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception.").  Therefore, Plaintiff does not establish an exception to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis and must pay the filing fee for this action to proceed.

## II.

## CONCLUSION AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

1    days after being served with this Findings and Recommendation, Plaintiff may file written

2    objections with the Court, limited to 15 pages, including exhibits.  The document should be

3    captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised

4    that failure to file objections within the specified time may result in the waiver of rights on

5    appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan,

6    923 F.2d 1391, 1394 (9th Cir. 1991)).

7

8    IT IS SO ORDERED.

9    Dated:    **August 11, 2025**

                                                    STANLEY A. BOONE
10                                                  United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28